IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ASHLEY N. GIPSON                                                                                    PLAINTIFF

      v.                              Civil No. 2:20-cv-02043-PKH-MEF

KILOLO KIJAKAZI, Acting Commissioner,[1]
Social Security Administration                                                           DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Pending now before this Court is Plaintiff's motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"). (ECF Nos. 23, 24). On August 11, 2021, Plaintiff filed said motion, requesting $5,023.80, representing: a total of 21.60 attorney hours for work performed in 2020, at an hourly rate of $203.00; 1.50 attorney hours in 2021, at a rate of $206.00 per hour; and 4.40 paralegal hours, at an hourly rate of $75.00. (ECF No. 22-2). On October 18, 2021, the Commissioner filed a response objecting to some of the hours requested. (ECF No. 30).

**I.      Discussion**

It is the opinion of the undersigned that the Plaintiff is entitled to a fee award in this case, as she is the prevailing party, the government's decision to deny benefits was not "substantially justified," the hourly rate requested for attorney time and hours does not exceed the CPI for either year in question, and the time asserted to have been spent in the representation of the Plaintiff before the district court is reasonable with a reduction in hours as indicated below. *See Jackson v.*

---

[1] Kilolo Kijakazi became Acting Commissioner of the Social Security Administration on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

*Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (burden is on the Commissioner to show substantial justification for the government's denial of benefits); *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990) (the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour); and, *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983) (in determining reasonableness, court looks at time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved).

The Commissioner argues that Plaintiff is not entitled to all the attorney hours he has requested for work performed prior to the filing of the Complaint. We disagree. An attorney is expected to be familiar with his case prior to filing a complaint in federal court. Even if he has represented the client at the administrative level, this will require him to review notes from the administrative proceedings, communicate with his client regarding the appellate process, determine whether his client is a candidate for in forma pauperis, and prepare the complaint and in forma pauperis application for filing with the court. Therefore, we find the 2.00 attorney hours and 1.00 paralegal hour expended prior to and in conjunction with the preparation of the initial pleadings in this case to be reasonable.

The Commissioner also objects to: .10 attorney hours for the receipt and review of the Order granting IFP, file-marked copies of the Complaint, and the issued summonses; a total of .30 attorney hours requested for the receipt and review of the signed green cards evidencing perfected service; a total of .60 paralegal hours for the preparation of the Affidavits of Service; a total of .40 attorney hours for reviewing the Defendant's Motion to Stay and Motion to Lift the Stay; a total

of .20 attorney hours for the review of this Court's Orders granting the Motion to Stay and Motion to Lift the Stay; .20 attorney hours for the review of the Defendant's Answer; .10 attorney hours for the receipt and review of this Court's Scheduling Order; a total of .40 attorney hours for the receipt and review of the Defendant's two Motions for Extension of Time to File Appeal Brief; and a total of .20 attorney hours for the receipt and review of this Court's Orders granting Defendant's Motions for Extension of Time. We agree that the time requested for these tasks is excessive. This Court will award no more than .05 hours for the receipt and review of the Order granting IFP and file-marked copies of the Complaint; .15 attorney hours for the receipt and review of the proof of service; .25 paralegal hours for the preparation of the Affidavits of Service; a total of .20 attorney hours for the receipt and review of Defendant's Motion for Stay and Motion to Lift the Stay; a total of .10 attorney hours for the receipt and review of the Orders granting Defendant's Motions to Stay and to Lift the Stay; a total of .10 attorney hours for receiving and reviewing the Defendant's Motions for Extension of Time; and a total of .10 attorney hours for the receipt and review of the Court's Orders granting the Defendant's Motions for Extension. However, we find that .20 attorney hours for the receipt and review of the Defendant's answer is reasonable. Accordingly, the fee award will be reduced by .90 attorney hours and .35 paralegal hours.

Additionally, the Commissioner objects to the 1.00 attorney hours and 2.00 paralegal hours requested for preparing the EAJA Motion and its supporting documents. Counsel's request does not exceed the time this Court generally awards for these tasks, and these tasks do require some legal expertise. Therefore, we find this time to be both reasonable and compensable under the EAJA.

Accordingly, Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $4,814.85 ($4.202.10 (20.70 X $203.00) + $309.00 (1.50 X $206.00) + $303.75 (4.05 X $75.00)).

Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010), the EAJA fee award should be made payable to Plaintiff; however, as a matter of practice, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's counsel.

The parties are reminded that, in order to prevent double recovery by counsel for the Plaintiff, the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

## II. Conclusion

Based upon the foregoing, Plaintiff is awarded the sum of **$4,814.85** for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

Dated this 29th day of November 2021.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
CHIEF UNITED STATES MAGISTRATE JUDGE